FILED: 4/28/2023 5:15 PM
David Trantham
Denton County District Clerk
By: Aime Sanchez, Deputy

23-3672-158

CAUSE NO. _____

| | | |
|---|---|---|
| TOWNHOMES OF HERITAGE SQUARE HOMEOWNER'S ASSOCIATION<br>*Plaintiff,*<br><br>V.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY<br>*Defendant.* | § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br>\_\_\_\_ JUDICIAL DISTRICT<br><br><br>DENTON COUNTY, TEXAS |

## **PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE:

NOW COMES PLAINTIFF, Townhomes of Heritage Square Homeowner's Association ("Plaintiff"; "HERITAGE"), and files its Original Petition complaining of Defendant Philadelphia Indemnity Insurance Company ("Defendant"; "PHILADELPHIA") and for cause of action would respectfully show the Court the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order discovery be conducted in accordance with a discovery control plan tailored to this particular suit.

### B. PARTIES

2. Plaintiff, **HERITAGE**, is a Texas Home Owner Association of a multi-unit townhome complex located in Denton County, Texas.

3. Defendant, **PHILADELPHIA** is authorized to engage in the insurance business in the State of Texas. This Defendant may be served by serving its registered agent located at **C T**

1

**CORPORATION SYSTEM, 1999 BRYAN STREET SUITE 900, DALLAS, TEXAS 75201-3136.** Service is requested by certified mail, return receipt requested at this time. In addition, CITATION SHOULD CONTAIN THE NAME OF THE DEFENDANT, Philadelphia Indemnity Insurance Company.

## C. Jurisdiction and Venue

4. This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

5. Venue is mandatory and proper in Denton County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this county, and the insured property that is the basis of this lawsuit is also located in Denton County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002.

## D. Conditions Precedent

6. All conditions precedent to recovery have been performed, waived, or have occurred.

## E. Agency and *Respondent Superior*

7. Whenever in this petition it is alleged that Defendant did any act or omission, it is meant that Defendant themselves or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course, and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

## F. Facts

8. On or about April 28, 2021, a wind and hailstorm struck the Denton County area causing substantial property damage including to Plaintiff's business located at 258 High School Drive,

75057. ("Property"). Plaintiff submitted a claim to Defendant against its policy, PHPK2178044, ("Policy") for extensive covered damages to the Property's multiple building roofs, garage areas, porch areas, gutters, and downspouts. Plaintiff asked the Defendant to cover the cost to properly repair the severe wind and hail damage to the Property pursuant to the Policy and any other available coverage.

9. Preceding this claim for damage and in response to a claim made by Plaintiff in October of 2019, Defendant had previously inspected the Property in November of 2019 and concluded there was no hail damage to the Plaintiff's multiple buildings' roofs and other minor damage did not exceed the policy deductible. This decision ultimately prompted Plaintiff to withdraw the claim.

10. Defendant then had the opportunity to inspect the Property again later in July of 2020 after being notified by Plaintiff that their contractor who was hired to replace the gutters reported roof damage. Once again the Defendant had concluded that the Plaintiff's Property was "not damaged by hailstone impact".

11. Now here in Plaintiff's April 2021 claim, and in an effort to minimize Plaintiff's claim, Defendant assigned the claim to the same individuals who had inspected the Property prior on or about July of 2020, knowing they would perform an inadequate and outcome-oriented investigation in an effort to minimize the covered damages to Plaintiff's Property. Defendant inspected Plaintiff's Property on December 19, 2022. Following Defendant's inspection, Plaintiff anxiously awaited Defendant's repair estimate and payment to begin repairs to its property. However, Defendant undervalued hail damage to the Property's multiple building roofs, garage areas, porch areas, gutters, and downspouts. Defendant denied the claim stating the damage found did not exceed the applicable deductible.

12. Upon receipt of the Defendant's final claim decision that stated the damages found from wind or hail damage did not exceed the deductible that the Plaintiff knew the Defendant grossly undervalued the Property's multiple building roofs, garage areas, porch areas, gutters, and downspouts. It was upon receipt of the final claim decision that the Plaintiff realized Defendant had performed an inadequate investigation and had prepared a low-ball repair estimate that clearly omitted extensive wind and hailstorm damage to its buildings. By doing so, Defendant knowingly misrepresented the full scope of the covered wind and hail damages caused by the storm and misrepresented the true cost to properly restore Plaintiff's property to its pre-loss condition. More particularly, Defendant misrepresented the cost to properly repair Plaintiff's building's Property's multiple building roofs, garage areas, porch areas, gutters, and downspouts.

13. As planned, Defendant ratified the wrongful conduct and significantly underpaid Plaintiff's claim. As a result, Plaintiff was unable to properly repair its building which caused a great deal of stress and frustration to its owners, occupants and staff.

14. Because Defendant significantly underpaid the claim, Plaintiff was unable to make the proper repairs to the covered damages to the insured property.

## G. CAUSES OF ACTION

### 1. Breach of Contract

15. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

16. According to the insurance policy Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the policy resulting from wind and hail. As a result of the storm and/or

4

ensuing losses from the storm, both of which are covered perils under Plaintiff's policy, Plaintiff's property was damaged.

17. Defendant failed to perform their contractual duty to adequately and timely compensate Plaintiff under the terms of its policy. Specifically, Defendant breached the insurance policy by failing to properly and timely investigate and estimate the claim and then by delaying payment of the claim for as long as possible. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff and such breach caused Plaintiff's damages.

**2. Violations of Section 542 of the Texas Insurance Code**

18. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

19. Defendant's acts, omissions, failures, and conduct described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after receipt of either actual or written notice of Plaintiff's claim, Defendant did not request from Plaintiff any items, statements, or forms it reasonably believed, at that time, would be required from Plaintiff for its claim. As a result, Defendant have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe and by failing to pay Plaintiff's claim within the applicable statutory period. More particularly, Defendant violated the following provisions of Section 542 of the Texas Insurance Code:

    a. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated deadline of receiving all necessary information. The claim was made on or about November 2022. Defendant had all information necessary to secure final proof of loss on December 19, 2022, the date of its inspection. Thus, Defendant was required to notify Plaintiff if its claim was accepted or rejected

within fifteen (15) business days, i.e., January 3, 2023. However, Plaintiff did not receive notice that its claim was rejected until March 15, 2023, nearly four (4) months later. Defendant's conduct constitutes a violation of the Texas Insurance Code, Notice of Acceptance or Rejection of Claim. TEX. INS. CODE § 542.056.

b. Defendant failed to meet their obligations under the Texas Insurance Code by failing to timely pay Plaintiff's claim in full. Specifically, following Defendant's inspection on December 19, 2022, indicated the Plaintiff's claim was accepted. Defendant was required to pay the claim within twenty (20) business days of notifying Plaintiff its claim was accepted, i.e., January 8, 2022. Defendant continues to delay payment by its' misrepresentation of the value of covered damages. Further, Plaintiff has yet to receive an amount sufficient to restore Plaintiff's hotel to its' pre-loss condition. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.057.

c. Defendant failed to meet their obligations under the Texas Insurance Code by delaying full payment of Plaintiff's claim. Specifically, Defendant failed to properly pay Plaintiff's claim in full within sixty (60) days of Defendant's receipt of all information necessary to secure final proof of loss. To date, Plaintiff's claim has not been properly paid in full. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

20. Additionally, if it is determined Defendant owe Plaintiff any additional monies, Defendant has automatically violated Section 542 in this case.

**3. Unfair Insurance Practice**

21. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

22. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, the Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Section 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus the Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim. More specifically, the Defendant is guilty of the following unfair insurance practices:

   a) Defendant misrepresented to Plaintiff that all the damages to its property were not covered under its insurance policy, even though the damage was caused by a covered occurrence. More particularly, Defendant's adjuster misrepresented the cost to properly repair Plaintiff's Property's multiple building roofs, garage areas, porch areas, gutters, and downspouts. Defendant wrongfully underpaid Plaintiff's claim and Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1);

   b) Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of Defendant's liability to Plaintiff under its policy. More particularly, Defendant misrepresented the cost to properly repair Plaintiff's Property's multiple building roofs, garage areas, porch areas, gutters, and downspouts. Defendant wrongfully denied the fully covered damages and Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A);

   c) Defendant failed to explain to Plaintiff the valid reasons for offering inadequate

funds to resolve the claim. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any reasonable explanation of why payment was not being made for its full covered loss and why Defendant was not providing an accurate estimate of all the covered storm damage to its property. Furthermore, Defendant did not indicate any future settlements or payments would be forthcoming to pay the losses covered under Plaintiff's policy, nor did it provide any just explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3);

d) Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, despite Plaintiff promptly reporting the claim, Plaintiff did not receive timely indication in writing of acceptance or rejection regarding the full and entire claim from Defendant. In fact, Defendant continues to unreasonably delay paying Plaintiff's claim nearly five (5) months from the time the claim was reported. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4);

e) Defendant failed to conduct a reasonable investigation and refused to fully compensate Plaintiff under the terms of Plaintiff's policy. Specifically, Defendant did not thoroughly investigate Plaintiff's claim as demonstrated by the substantial amount of damages missed. Because of Defendant's inadequate investigation and misrepresentations of the scope of covered damages, Defendant wrongfully delayed, underpaid, and denied a significant portion of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair

Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

23. Defendant also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendant's conduct has resulted in Plaintiff's damages described in this petition.

24. Further, all of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

### 4. Violations of the DTPA

25. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

26. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the Texas Deceptive Trade Practice Act (DTPA), and Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Defendant's violations of the DTPA include, without limitation, the following matters:

a) By their acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46(b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation: (1) their unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay an amount that would put Plaintiff to its pre-loss condition.

b) Defendant represented to Plaintiff the insurance policy and claims adjusting services had characteristics or benefits they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

c) Defendant represented to Plaintiff its insurance policy and claims adjusting services were of a particular standard, quality, or grade when they were actually of another, in violation of Section 17.46(b)(7) of the DTPA;

d) Defendant advertised the insurance policy and claims adjusting services with intent to not sell them as advertised, in violation of Section 17.46(b)(9) of the DTPA;

e) Defendant represented to Plaintiff its insurance policy and adjusting and investigative services conferred or involved rights, remedies, or obligations they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

f) Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

g) Defendant have breached an express warranty that the damage caused by a wind and hail storm would be covered under the insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

h) Defendant's actions are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience regarding the adjustment of storm damage claim to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

i) Defendant's conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

27. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages described in this petition. The above-described acts, omissions, and failures of Defendant were also done knowingly and intentionally as those terms are defined in the DTPA.

**5. Breach of Duty of Good Faith and Fair Dealing**

28. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

29. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of Plaintiff's policy was reasonably clear. However, by their acts, omissions, failures, and conduct, Defendant has breached their common law duty of good faith and fair dealing. Defendant failed to reasonably investigate Plaintiff's claim and made numerous misrepresentations regarding the progress and status of the claim. Defendant also breached their duty by unreasonably delaying full payment of Plaintiff's entire claim. To date, Plaintiff's claim has not been properly paid. Defendant knew or should have known it was reasonably clear the entire claim was covered; yet Defendant delayed payment and misrepresented the extent of damage and cost of repairs to minimize the Insurer's liability on the claim.

30. Defendant's acts, omissions, failures, and conduct are a proximate cause of Plaintiff's damages.

## H. WAIVER AND ESTOPPEL

31. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## I. DAMAGES

32. Defendant's acts, omissions, failures, and conduct have caused Plaintiff's damages which include, without limitation, the cost to fully and properly repair the Property's multiple building roofs, garage areas, porch areas, gutters, and downspouts, the investigative fees incurred during the course of this claim, and other additional expenses associated with damage caused by the storm. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract, as well as an 10% per annum penalty on that claim against Defendant as damages under Chapter 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## J. ADDITIONAL DAMAGES

33. Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages authorized by Section 541 of the Texas Insurance Code.

## K. EXEMPLARY DAMAGES

34. Defendant's breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks recovery of exemplary damages in an amount determined by the finder of fact to be sufficient to punish Defendant for

their wrongful conduct and to deter Defendant and others similarly situated from committing similar acts in the future.

## L. ATTORNEYS' FEES

35. As a result of Defendant's conduct, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## M. JURY DEMAND

36. Plaintiff asserts its right to a trial by jury, pursuant to Rule 216 of the Texas Rules of Civil Procedures and tender the fee as required by Texas Government Code Section 51.604.

## N. PRAYER

FOR THESE REASONS, Plaintiff prays Defendant be cited to appear and answer therein, and that upon trial, Plaintiff recover sums that would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff request the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
2101 NW Military HWY
San Antonio, Texas 78213
Telephone: (210) 562-2878
Facsimile: (210) 562-2874
Email: mwhyte@whytepllc.com

By: *M. K. Whyte*
MARC K. WHYTE
State Bar No. 24056526