IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TOWNHOMES OF HERITAGE SQUARE HOMEOWNER'S ASSOCIATION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:23-CV-00504-SDJ-AGD |
| v. | § § | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pending before the court is Defendant's Motion to Preclude Attorney's Fees (Dkt. #5). Defendant's Motion was filed on June 23, 2023. Plaintiff filed its Response in opposition on July 7, 2023 (Dkt. #7). Defendant filed its Reply in support on July 14, 2023 (Dkt. #8). Having considered the Motion, Response, Reply, and all other relevant pleadings, the court recommends that Defendant's Motion to Preclude Attorney's Fees (Dkt. #5) be **GRANTED** as set forth herein.

**BACKGROUND**

Plaintiff owns the property located at 258 High School Drive, Lewisville, Texas (the "Property") (Dkt. #2 at pp. 2–3). At all times relevant, Plaintiff held an insurance policy on the Property provided by Defendant (the "Policy") (Dkt. #2 at p. 3). In October 2019, Plaintiff filed a claim on the Policy alleging hail damage, and Defendant inspected Plaintiff's roof (Dkt. #2 at p. 3). This inspection ultimately resulted in Plaintiff dropping the claim because the damage was minor and did not exceed Plaintiff's deductible (Dkt. #2 at p. 3). In July 2020, Plaintiff again had

Defendant inspect the roof after Plaintiff's contractor noticed hail damage (Dkt. #2 at p. 3). Again, Defendant inspected the roof and determined the damage was minor and did not exceed Plaintiff's deductible (Dkt. #2 at p. 3). Then, at issue in the present lawsuit, Plaintiff filed another hail-damage claim following a storm that occurred in April 2021 (Dkt. #2 at p. 3). Defendant conducted another inspection of Plaintiff's roof, and, again, Defendant determined the damage to Plaintiff's multiple building roofs, garage areas, porch areas, gutters, and downspouts did not exceed the applicable deductible (Dkt. #2 at pp. 3–4).

On March 17, 2023, because Plaintiff disputed the extent of the damage as alleged by Defendant, Plaintiff sent Defendant a pre-suit notice as set forth in Texas Insurance Code § 542A. Then, on April 28, 2023, two years after the date of loss, Plaintiff filed suit against Defendant in the 158th Judicial District Court of Denton County, Texas, alleging causes of action for breach of contract, violations of Texas Insurance Code § 542, violations of Texas Insurance Code § 541, violations of the Texas Deceptive Trade Practice Act, and the breach of good faith and fair dealing (Dkt. #2 at pp. 4–11). Defendant removed the case to federal court on May 31, 2023 (Dkt. #1). Defendant then denied Plaintiff's allegations and asserted various defenses in its Amended Answer on June 23, 2023 (Dkt. #4). On the same day, Defendant filed its Motion to Preclude Attorney's Fees, alleging Plaintiff failed to follow Section 542A of the Texas Insurance Code and should be denied the right to recover attorney's fees (Dkt. #5).

## LEGAL STANDARD

"Section 542A of the Texas Insurance Code provides the notice requirements to be given to an insurer prior to the bringing of a claim related to certain property damage." *Mumtaz v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:22-cv-00542, 2023 WL 137461, at *1 (E.D. Tex. Jan. 9, 2023) (citing TEX. INS. CODE § 542A.003(a)). Under Section 542A, an insured must send the pre-suit

notice to the insurer "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person." TEX. INS. CODE § 542A.003(a). Chapter 542A of the Texas Insurance Code provides that "[i]f a defendant . . . pleads and proves that the defendant was entitled to but was not given a presuit notice," then "the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court." TEX. INS. CODE § 542A.007(d). A defendant must make a pleading to preclude attorney's fees "not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending." *Id.* A plaintiff, however, is not required to send pre-suit notice if doing so is impracticable. TEX. INS. CODE § 542A.003(d) ("A presuit notice under Subsection (a) is not required if giving notice is impracticable because: (1) the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire; or (2) the action is asserted as a counter claim."); *see also Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, 546 F. Supp. 3d 534, 536 (S.D. Tex. June 30, 2021). "Prior decisions illustrate that the reasonable basis standard for impracticability is not an easy threshold to satisfy and 'ought to be reserved for those instances in which presuit notice genuinely cannot be provided.'" *Hlavinka*, 546 F. Supp. 3d at 536 (quoting *Tadeo as Tr: of John E. Milbauer Tr. V. Great N. Ins. Co.*, No. 3:20-CV00147-G, 2020 WL 4284710, at *8 (N.D. Tex. July 27, 2020)). "In order to utilize the exception to pre-suit notice, plaintiffs must offer some 'reason independent from simply stating that the impending expiration of the limitations period made notice impracticable.'" *Id*. at 536–37 (quoting *Hosp. Operations, LLC v. Amguard Ins. Co.*, No. 1:19-CV-00482, 2019 WL 11690209, at *2 (E.D. Tex. Dec. 2, 2019)).

## ANALYSIS

Here, neither party disputes that the contents of Plaintiff's March 17, 2023, pre-suit notice were proper under the Texas Insurance Code. Neither do the parties allege that Defendant's Motion to Preclude Attorney's Fees, (Dkt. #5), was untimely. Rather, Defendant alleges Plaintiff failed to meet the required 61-day pre-suit notice period, (Dkt. #5 at p. 2), and Plaintiff alleges that it was not required to send notice because it was impracticable to provide notice more than 61 days prior to filing suit (Dkt. #7 at pp. 4–6). It is undisputed that Plaintiff only provided Defendant with the pre-suit notice 42 days prior to filing the instant lawsuit (Dkt. #5 at p. 2; Dkt. #7 at p. 3). Thus, all that is left for the court to decide is whether it was impracticable for Plaintiff to provide the required 61-days' notice.

Plaintiff alleges that "Defendant's own delay precluded Plaintiff from providing the full 61 days' Notice, and Plaintiff reasonably relied on Defendant's recitation of the applicable policy and filed suit within two years of the date of loss to avoid expiration of the statute of limitations" (Dkt. #7 at p. 4). In other words, Plaintiff waited for Defendant to return a coverage decision letter, which Plaintiff did not receive until March 15, 2023. In Defendant's letter, Defendant directed Plaintiff's attention to the provision in the Policy that states: "**LEGAL ACTION AGAINST US** – No one may bring legal action against us under this Coverage Part unless . . . (2) The action is brough within 2 years after the date on which the direct physical loss or damage occurred" (Dkt. #7, Exhibit E at p. 6). (Emphasis in original). The undisputed date of loss is April 28, 2021. Thus, as Plaintiff understood it, suit must be filed by April 28, 2023. Because Plaintiff received Defendant's coverage decision letter 44 days before the end of the 2-year period to bring suit, Plaintiff alleges it was impracticable to provide Defendant with 61-days' notice, and therefore,

Plaintiff was not required to provide notice at all (Dkt. #7 at p. 4). *See also* TEX. INS. CODE § 542A.003(d).

While Defendant's coverage decision letter states the above Policy provision to Plaintiff, Defendant presented to the court a different Policy provision from an addendum to the Policy, which states: "**Legal Action Against Us** . . . no one may bring legal action against us under this Coverage Part unless: (2) the action is brought within 2 years and one day from the date the cause of action first accrues" (Dkt. #8, Exhibit B at p. 182). (Emphasis in original). The date of accrual is defined in the Policy as "the date of the initial breach of our contractual duties as alleged in the action" (Dkt. #8, Exhibit B at p. 182). In other words, the date of accrual would have been March 15, 2023, the date of the denial of the claim Accordingly, under this Policy addendum, Plaintiff had until March 15, 2025, to file a lawsuit.

As such, Plaintiff failed to meet the requirements of the Texas Insurance Code under either calculation. Plaintiff only provided Defendant with 42-days' notice prior to filing a lawsuit against Defendant. The only defense Plaintiff has cited for this shortcoming is that it received Defendant's coverage decision letter 44 days prior to the deadline to file a lawsuit (Dkt. #7 at p. 5). This is insufficient to show impracticability. Plaintiff cannot assert impracticability simply because it was running up against a deadline. "In order to utilize the exception to pre-suit notice, plaintiffs must offer some reason independent from simply stating that the impending expiration of the limitations period made notice impracticable." *Hlavinka*, 546 F. Supp. 3d at 536–37.

Regardless, Plaintiff's reliance on Defendant's representation that the statute of limitations runs from the date of loss is misplaced. "[B]y signing a contract, [the parties are] presumed to have read it and grasped its contents and legal effects." *ReadyOne Indus., Inc. v. Casillas*, 487 S.W.3d 254, 258 (Tex. App.—El Paso Dec. 18, 2015). The Policy includes a page titled "Texas Changes"

REPORT AND RECOMMENDATION – Page 5

(Dkt. #8, Exhibit B at p. 182). The top of the page reads as follows: **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.** (Dkt. #8, Exhibit B at p. 182). This Policy addendum clearly states that the statute of limitations begins to run when Defendant breaches the contract, *i.e.*, March 15, 2023, when Defendant denied Plaintiff coverage under the Policy. Following this calculation, Plaintiff had until March 15, 2025, to file a lawsuit against Defendant. As such, Plaintiff is unable to argue that it was impracticable to provide 61-days' notice to Defendant, because Plaintiff's Policy, which it is presumed to have read and understood, provided Plaintiff with a full two years and one day to file a lawsuit from March 15, 2023.

Texas Insurance Code § 542A.007(d) required Defendant to file its Motion to Preclude Attorney's Fees, (Dkt. #5), within 30 days of filing its Original Answer. Defendant's Original Answer was filed May 31, 2023, and Defendant's Motion to Preclude Attorney's fees was filed June 23, 2023. Thus, Defendant's Motion is timely. Plaintiff has alleged no independent basis for not providing 61-days' notice other than a looming limitations deadline, which cannot support impracticability. Because Plaintiff is unable to argue impracticability "the court may not award to the claimant any attorney's fees incurred after" June 23, 2023. TEX. INS. CODE § 542A.007(d).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Defendant's Motion to Preclude Attorney's Fees (Dkt. #5) be **GRANTED** and Plaintiff be precluded from recovering attorney's fees incurred after June 23, 2023, in the instant lawsuit.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 14th day of March, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE